UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-13-KSF

BEN AFSHARI                                                                                          PLAINTIFF

v.                                              **OPINION & ORDER**

BEAR ARCHERY, INC. and
SOP SERVICES, INC.                                                                             DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motions of the Defendants, SOP Services, Inc. and Bear Archery, Inc. to dismiss [DE #8, 10]. These motions are fully briefed and are ripe for review. Also before the Court is the motion of the Plaintiff, Ben Afshari, *pro se*, for leave to amend his complaint [DE # 18]. This motion is also ripe for review.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Afshari filed this civil action on January 20, 2012, asserting one count of patent infringement pursuant to 35 U.S.C. § 281 *et seq*. Specifically, he alleges infringement of U.S. Patent No. 6,725,854 (the "854" Patent) and U.S. Patent No. 7,503,321 (the "321" Patent). As described by Afshari, these patents:

> are directed to, an archery bow sight system which includes a sight pin, a sight pin Guard, a long fiber optic member, a pin attachment portion, and a wrapped portion when one end of fiber optic member is attached thru a hole which is at one end of the sight pin and a portion of the fiber optic is at least partially wrapped for gathering light and exposing it from the ends of the Fiber optic member.

[DE #1, p.2]. He claims that the Defendants have manufactured, sold, or offered to sell ten bow sight products which incorporate all elements of Patents 854 and 321.

The Defendants have filed motions to dismiss. Defendant SOP Services moves to dismiss Afshari's complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the grounds that the Court lacks personal jurisdiction over SOP Services. Defendant Bear Archery moves to dismiss Afshari's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Bear Archery contends that in prior litigation, Afshari covenanted not to sue Trophy Ridge, LLC or its successors with respect to Patents 854 and 321. According to Bear Archery, Trophy Ridge was later acquired by Bear Archery and thus Afshari's complaint is a breach of his prior covenant not to sue.

Afshari has filed a motion for leave to amend the complaint [DE #18]. In his tendered First Amended Complaint, Afshari adds patent infringement counts against Escalade, Inc., the parent company to Bear Archery, Inc., and against Jack Bowman, individually, the general manager of Bear Archery. His tendered First Amended Complaint also seeks to accuse an additional product - the Foxfire SP sight - as infringing on his patents. Bear Archery has filed a response opposing Afshari's motion to the extent that he seeks to add parties who are not subject to personal jurisdiction in Kentucky. However, Bear Archery does not oppose Afshari's addition of the Foxfire SP sight.

**II.     ANALYSIS**

    **A.     SOP SERVICE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

SOP Services seeks dismissal of Afshari's Complaint based on lack of personal jurisdiction. There is no dispute that SOP Services is a corporation organized under the law of the State of Nevada and has a principal place of business in Nevada. In support of its motion, SOP Services has submitted the Declaration of Deborah J. Meinert, an officer and Secretary of SOP Services [DE #9-

2

1]. She contends that SOP Services is an intellectual property holding company and does not make, sell, or otherwise market any products. SOP Services also contends that it does not have any contacts with Kentucky which would subject it to jurisdiction in this Court.

In response, Afshari argues that the Court should exercise personal jurisdiction over SOP Services because it "benefits from [the] existence of infringing products sold in the state of Kentucky by licensing the intellectual properties to Bear Archery." However, a licensor is not subject to personal jurisdiction in a forum simply because a licensee happens to sell a product there. *See Smith v. Home Depot USA, Inc.*, 294 Fed. Appx 186 (6th Cir. 2010). Other than his bald conclusory allegations, Afshari fails to point to any facts which would indicate that SOP Services has engaged in conduct which falls within Kentucky's long-arm statute or that SOP Services' contacts with Kentucky satisfy federal due process standards. Accordingly, SOP Services' motion to dismiss for lack of personal jurisdiction will be granted pursuant to Rule 12(b)(2).

  **B. BEAR ARCHERY'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Bear Archery has moved to dismiss Afshari's Complaint on the grounds that it is a breach of his prior covenant not to sue Trophy Ridge. In support of its motion, Bear Archery has submitted a Settlement Agreement and a Declaration. This Court cannot consider matters outside of the pleadings in deciding a motion to dismiss unless it treats the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(d); *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). In light of Afshari's posture as a *pro se* plaintiff and the fact that no discovery has yet been allowed in this case, the Court declines to convert Bear Archery's motion into a motion for summary judgment at this time. Accordingly, Bear Archery's

motion to dismiss will be denied, and Bear Archery may present this argument in a timely motion for summary judgment.

### C. AFSHARI'S MOTION FOR LEAVE TO AMEND

Afshari has moved the Court for leave to file his First Amended Complaint. His First Amended Complaint adds two additional parties, Escalade, Inc. and Jack Bowman. Additionally, his First Amended Complaint seeks to accuse an additional product - the Foxfire SP sight. While Bear Archery does not oppose Afshari's motion to the extent it seeks to accuse the additional product, it argues that the Court lacks personal jurisdiction over the additional defendants, and thus amendment of his complaint would be futile.

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Because Afshari's motion for leave to amend was filed more than 21 days after the filing of the Defendants' motions to dismiss, leave of court is required. Rule 15(a)(2) provides that the court should freely give leave to amend when justice so requires. The Supreme Court has long held that this rule means what it says, and that leave to amend should be granted in the absence of a good reason to the contrary. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Sixth Circuit, a motion to amend should only be denied if the amendment is brought in bad faith, for dilatory purposes, results in prejudicial delay to the opposing party, or would be futile. *See Colbin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

Here, the Defendants claim the proposed amendment to allow the additional parties would be futile. Bear Archery has submitted the Declaration of Deborah J. Meinert in support of its opposition to Afhsari's motion to amend. According to her Declaration, Escalade is a holding company for a number of subsidiaries, including Bear Archery and SOP Services. Escalade is an

Indiana company. It does not manufacture, sell or offer to sell bow sights or any other products or services. Escalade does not have any customers located in Kentucky and has no offices, agents, employees or other presence in Kentucky, nor does it own any real property or bank accounts in Kentucky [DE #21-1].

Additionally, Bear Archery has submitted the Declaration of Jack Bowman [DE #21-2]. Bowman is an officer of Bear Archery who resides in Booneville, Indiana. He does not own any real property in Kentucky, have any bank accounts in Kentucky, have a Kentucky driver's license. He is not registered to do business in Kentucky, does not have any agents in Kentucky, and is not an agent, officer, or shareholder of any company in Kentucky. He has not ever been directly involved in any sale or marketing efforts regarding Bear Archery's accused bow sight products which targeted the state of Kentucky.

The Defendants argue that this Court lacks personal jurisdiction over these putative new defendants. While the Sixth Circuit has held that a proposed amendment is futile if the complaint, as amended, would not withstand a motion to dismiss for failure to state a claim filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010), there is no authority for denying a motion for leave to amend on the basis of the preemptive assertion of lack of personal jurisdiction. Personal jurisdiction is a personal defense, *Alger v. Hayes*, 452 F.2d 841, 842-43 (8th Cir. 1972), and Bear Archery lacks standing to assert this defense on behalf of the putative defendants. Thus, Bear Archery's objection to Afshari's motion for leave to amend the complaint on the basis of futility is rejected. The Court will allow Afshari to proceed on his amended complaint and he will be required to serve the new defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

IV.     CONCLUSION

The Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)     SOP Service's motion to dismiss [DE #8] is **GRANTED**, and SOP Services is **DISMISSED** as a defendant to this action;

(2)     Bear Archery's motion to dismiss [DE #10] is **DENIED**;

(3)     Afshari's motion for leave to amend his complaint [DE #18] is **GRANTED**, and the Clerk is directed to **FILE** the tendered First amended complaint;

(4)     the Clerk is directed to mail blank summonses to Afshari, who shall prepare them for Escalade, Inc. and Jack Bowman, and present them to the Clerk for issuance; and

(5)     Afshari shall serve the new defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

This July 24, 2012.

Signed By:
*Karl S. Forester*   KSF
United States Senior Judge

6