UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BEN AFSHARI, | ) | |
| | ) | |
|     Plaintiff and Counterclaim Defendant, | ) ) | Civil Action No. 5: 12-0013-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BEAR ARCHERY, INC., et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
|     Defendant and Counterclaim Plaintiff, | ) ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Bear Archery, Inc.'s motion for partial summary judgment. Having reviewed the parties' arguments, the Court concludes that there are no material issues of fact to be resolved regarding the motion. Further, Bear Archery is entitled to judgment as a matter of law with respect to eight of the nine archery model sights identified in the plaintiff's second Amended Complaint. As a result, Bear Archery's motion will be granted.

**I.**

*Pro se* Plaintiff Ben Afshari holds several patents pertaining to archery sights. [*See* Amended Complaint, ¶¶ 6-8 describing United States Patent Nos. 6,725,854 and 7,503,321; *see also* Exhibits A and B to the Amended Complaint; Record No. 3] According to Afshari, the technology covered by the 854 and 321 patents enables archers to hunt confidentiality

-1-

during dust and dawn by allowing better visibility of the sight tip, enabling accurate shot placement. [Amended Complaint, ¶ 10; Record No. 3] Afshari filed this action on January 20, 2012, claiming that Bear Archery, Inc., and SOP Services, Inc., had infringed his patents. Three days later, he filed an Amended Complaint containing essentially the same allegations.

In paragraphs 8 and 9, Afshari alleges that,

> 8. The '854 and 321 patents are directed to, an archery bow sight system which includes a sight pin, a sight pin Guard, a long fiber optic member, a pin attachment portion, and a wrapped portion when one end of fiber optic member is attached thru a hole which is at one end of the sight pin and a portion of the fiber optic is at least partially wrapped for gathering light and exposing it from the ends of the Fiber optic member.
>
> 9. On information and belief, defendant Bear archery and SOP services inc. has [sic] engaged in providing users with various Versions of paragraph8 above since 2007 until now. . . .

[Record No. 3]

Following service, SOP Services, Inc., moved the Court to dismiss the claims asserted against it based on lack of personal jurisdiction pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 8] Bear Archery also filed a motion to dismiss, arguing that Afshari's claims were barred by the terms of a written settlement agreement executed on July 27, 2006, in which the plaintiff agreed not to sue Trophy Ridge, LLC or its successors with respect to the 854 and 321 patents. [Record Nos. 10 and 12] The subject settlement agreement provides, in part, that:

> 2.6 Ben [Afshari] warrants that he own all right, title, and interest in United States Patent No. 6,725,854 (the '854 patent) and any patent applications that claim priority to the '854 patent; and, on behalf of himself, his assignees and any successors-in-interest to the '854 patent and any patent applications that

claim prior o the '854 patent, hereby unconditionally and irrevocably covenants not to sue or otherwise assert any claim of infringement derived from any patents that may issue claiming priority to the '854 patent (e.g., divisional patents, continuation patents, reissue patents, continuation-in-part patents), against Trophy Ridge, or its respective officers, directors, parents, subsidiaries, distributors and customers specifically for Trophy Ridge products, and any purchaser or assignee that acquires all or substantially all of Trophy Ridge's business or assets. The covenant not to sue shall extend to direct or indirect infringement involving past, present, and future Trophy Ridge products. United States Patent No. 6,938,349, which claims priority to the '854 Patent, is excluded from this covenant not to sue. If Trophy Ridge is purchased by a third party, product designs offered for sale by the acquiring party prior to the acquiring party's purchase of Trophy Ridge shall be excluded from this covenant not to sue.

[Record No. 3, Exhibit 3, p. 3]

Bear Archery asserts that: (i) in February 2007, it acquired substantially all of Trophy Ridge's business and assets; (ii) prior to the acquisition, Bear Archery did not offer for sale any of the archery sight models identified in the Amended Complaint; and (iii) none of the sight models identified in Afshari's Amended Complaint is based on product designs offered for sale by Bear Archery prior to its acquisition of Trophy Ridge. [Record No. 3, Exhibit 1, ¶¶ 3, 4] Based on the language of the settlement agreement, Bear Archery asserted that Afshari lacked standing to maintain this action.[1]

Before Bear Archery's motion to dismiss was fully briefed, it filed an Answer to the Complaint and Counterclaim. [Record No. 13] Through its Counterclaim, Bear Archery asserted that Afshari had breached the above-referenced Settlement Agreement by filing the

---

[1] Bear Archery further contends that the present action was filed by Afshari in retaliation for a separate action filed against one of his companies (Vital Hunting Gear, Inc.) in the United States District Court for the Southern District of Indiana. [Record No. 12, p. 3-4]

-3-

present action. On April 9, 2012, Afshari filed a response to the defendants' motions to dismiss, together with a separate motion for leave to file a second Amended Complaint. [Record Nos. 17, 18][2] By Opinion and Order dated July 24, 2012, the Court granted Defendant SOP Service's motion to dismiss, granted Afshari's motion for leave to file a second Amended Complaint, and denied Bear Archery's motion to dismiss the claims asserted against it.[3] With respect to Bear Archery's motion, the Court concluded that it could not consider maters outside the pleadings without the matter being treated a one for summary judgment. [Record No. 22] And in light of the fact that no discovery had been allowed to that point, the Court declined to convert the motion to dismiss into a motion for summary judgment. [*Id.*, p. 3-4]

Bear Archery moved for summary judgment on March 18, 2014, making essentially the same arguments as outlined in its earlier motion to dismiss. [Record No. 51] However, the defendant did not seek judgment regarding all claims. Instead, it excluded claims relating to the Foxfire SP sight from its motion. According to Bear Archery, claims relating to all other archery sights identified in the plaintiff's second amended complaint were barred by the explicit provisions of the 2006 settlement agreement. [Record No. 53] The motion has now been fully briefed. Having considered the information and relevant evidence set out in

---

[2] The second Amended Complaint sought to add two additional defendants (Escalade, Inc. and Jack Bownam) and an additional product: the Foxfire SP sight. Although the Court disallowed the request to add additional defendants based on futility, it granted the request to add the Foxfire SP sight. [Record No. 22]

[3] This action was assigned originally to United States Senior District Judge Karl S. Forester. Following his untimely passing, the matter was reassigned to the undersigned on April 8, 2014. [Record No. 64]

the parties' pleadings, the Court agrees that Afshari's claims are barred with respect to all but one of the archery sights identified in second Amended Complaint.

## II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Instead, the nonmoving party must present "significant probative evidence" of a genuine dispute . . . to defeat the motion for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot simply rely upon the assertions in its pleadings; rather, it must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding

whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

## III.

Bear Archery has offered proof regarding the following facts. Further, Afsahri has not offered evidence to rebut the defendant's factual assertions.

1. Trophy Ridge, LLC, was a Montana limited liability company whose business involved the manufacture and sale of archery-related products.

2. During the period 2003-2006, Trophy Ridge filed two civil actions alleging patent infringement against Afshari and two companies owned by Afshari and his wife. These suits were filed in federal courts in Montana and Idaho and involved the sale of archery sights having independently adjustable vertical pins. The plaintiff filed counterclaims in those actions asserting enforcement of the 854 patent.

3. On July 27, 2006, Afshari, individually and on behalf of his companies, entered into a "Confidential Settlement Agreement" with Trophy Ridge in settlement of the prior litigation. In relevant part, the terms of the settlement prohibit Afshari from suing Trophy Ridge under the 854 patent and any patent which claims priority to it. The 321 patent claims priority to the 854 patent in that it is a continuation of that patent.

4. The covenant not to sue contained in the settlement agreement extends to Trophy Ridge's "purchaser or assignee that acquires all or substantially all of [its] business

or assets." In February 2007, Defendant Bear Archery acquired substantially all of Trophy Ridge's business and assets.

5. Before acquiring the business and assets of Trophy Ridge, Bear Archery sold the Foxfire SP archery sight. While Bear Archery discontinued most sales of the Foxfire SP archery sight by the end of 2008, it continued with a few inventory close-out sales into 2009. By September 2009, Bear Archery had ceased selling the Foxfire SP archery sight.

6. After acquiring Trophy Ridge, Bear Archery continued sales of other sight models acquired from that company. Further, it continued to develop future sight models which were sold under the Trophy Ridge brand.

7. Afshari claims that nine sight models sold by Bear Archery infringe the 321 patent: (a) React; (b) Cypher; (c) Outlaw; (d) Hit-man; (e) Pursuit; (f) Drive; (f) Alpha;(g) Alpha 1; and (h) Foxfire SP. The first eight accused sights have been produced during the period 2009 through 2013 and sold as Trophy Ridge products.
[Record No. 53]

In a series of e-mails commencing in August 2012, counsel for Bear Archery asked Afsahri to identify any discovery that would be needed in connection with its anticipated motion for summary judgment. [Record No. 53-5] Afshari did not respond to this inquiry.

In its current motion, Bear Archery contends that the settlement agreement bars Afshari's claims regarding eight of the nine products in issue. According to the defendant, the terms of the document are clear. Specifically, Afshari's covenant not to sue encompasses all patent and patent applications which claim priority to the 854 patent, and this includes the

321 patent. The covenant applies to past, present, and future Trophy Ridge products and its protections extend to any purchaser or assignee that acquires all or substantially all of Trophy Ridge's business or assets. Citing *De Forest Radio Tel. Co. v. United States*, 273 U.S. 236, 240 (1927), and *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1274 (Fed.Cir. 2009), Bear Archery correctly argues that the covenant not to sue contained in the agreement is the equivalent to a license and is a complete defense to a claim of patent infringement.

Afshari has not offered any factual information to refute Bear Archery's claims. And while the plaintiff has argued that there are factual disputes, these disputes are not material to the issue currently before the Court. Likewise, Afshari has not provided any relevant legal authority to support his argument that the covenant not to sue contained in the settlement agreement should not apply to eight of the nine products in dispute. The fact that Bear Archery instituted legal proceedings in Indiana against Afshari and his new company, Vital Hunting Gear, Inc., does not affect the validity of the settlement agreement. Further, because Bear Archery did not sell the eight products prior to its acquisition of Trophy Ridge, it may not assert that the defendant's actions fit within the exclusion contained in the settlement agreement cited by Afshari. Accordingly, summary judgment is appropriate.

## IV.

With the exception of the plaintiff's infringement claim relating to the Foxfire SP archery sight, there are no factual disputes regarding the plaintiff's remaining claims. Further the defendant is entitled to judgment regarding these claims because they are subject

to the terms of the settlement agreement between Afshari and Trophy Ridge, a predecessor to Bear Archery. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Bear Archery, Inc.'s Motion for Partial Summary Judgment [Record No. 51] is **GRANTED**.

2. The parties are directed to confer and submit a status report and proposed Amended Scheduling Order for the Court's review within twenty (20) days of the entry of this Memorandum Opinion and Order.

This 1st day of May, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge