UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BEN AFSHARI, | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) ) | Civil Action No. 5: 12-0013-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BEAR ARCHERY, INC., et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant and Counterclaim Plaintiff, | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On May 1, 2014, with the exception of one claim (*i.e.*, plaintiff's the infringement claim relating to the Foxfire SP archery sight), the Court granted partial summary judgment in favor of Defendant Bear Archery, Inc. [Record No. 78] Shortly thereafter, pro se Plaintiff Ben Afshari moved the Court to reconsider and alter its decision. [Record No. 79] Having considered the plaintiff's motion, the Court will deny the relief sought.

In relevant part, Afshari argues that partial summary judgment was erroneously entered because there are several disputed factual issues. More specifically, he contends that: (a) paragraph 2.6 of the parties' settlement agreement applies only to successors-in-interest of Afshari and Bear Archery "never argued that [it is] a successor to Trophy Ridge LLC"; (b) Bear Archery is not a successor-in-interest to Trophy Ridge; and (c) paragraph 2.6 of the settlement agreement does not release Trophy Ridge LLC's successors-in-interest; instead,

-1-

it releases only Afshari's successors-in-interest. [*Id.*, at p. 3] In response, Bear Archery points out that, contrary to Afshari's representations, the record clearly demonstrates that it has repeatedly argued that it is a successor to Trophy Ridge LLC and that the plaintiff has admitted that assertion. [Record No. 81] Likewise, it correctly notes that the plain language of paragraph 2.6 of the settlement agreement refutes Afshari's claim that the provision applies only to his successors-in-interest. Instead, it applies to "any purchaser or assignee that acquires all or substantially all of Trophy Ridge's business assets."

Next, the allegedly "new" evidence cited by Afshari does not alter the Court's prior analysis. Regardless of whether Bear Archery acquired the asserts of Trophy Ridge directly or through a related entity, it constitutes a successor-in-interest under the provisions of paragraph 2.6. Likewise, the holding in *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205 (2000), does not support the relief sought by the plaintiff. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff's Motion to Reconsider and to Alter Judgment [Record No. 79] is **DENIED**.

2. Defendant Bear Archery Inc.'s request for fees associated with its response to the plaintiff's Motion to Reconsider and to Alter Judgment [Record No. 81] is **DENIED**.

This 16th day of June, 2014.

