UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BEN AFSHARI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 12-013-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BEAR ARCHERY INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Ben Afshari's motions for leave to amend his Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.[1] [Record Nos. 104, 105] Afshari seeks to include a claim of "breach of settlement agreement." Defendant Bear Archery Inc. objects to the motion, asserting that the proposed amendment is futile and untimely. [Record No. 108] For the reasons discussed below, the Court will deny the plaintiff's motions.

**I.**

Afshari holds several archery sight patents. [*See* Record Nos. 23, ¶¶ 9–11 describing United States Patent Nos. 6,725,854 and 7,503,321; 23-1; 23-2] He initiated this action on January 20, 2012, claiming that Bear Archery and SOP Services, Inc., infringed upon his

---

1    The plaintiff filed an amended motion for leave to amend [Record No. 105] to correct an incorrect date included in the original motion for leave to amend. [Record No. 104]

patents.[2]  On March 18, 2014, Bear Archery moved for partial summary judgment regarding eight of the nine products at issue, arguing that Afshari's claims were barred by the terms of a written settlement agreement executed on July 27, 2006 (the "Settlement Agreement"). [Record No. 51]  On May 1, 2014, the Court granted Bear Archery's motion for partial summary judgment, finding that the covenant not to sue applies to past, present, and future Trophy Ridge products and assignees that acquire all or substantially all of Trophy Ridge's business or assets.  [Record No. 78, p. 8]  Thereafter, on August 29, 2014, the Court stayed the proceedings following Afshari's Notice of Bankruptcy.  [Record No. 93]  The plaintiff was subsequently discharged from bankruptcy and the Court lifted the stay on May 21, 2015. [Record No. 99]

Afshari now moves for leave to amend the Complaint to include a claim of "breach of settlement."   [Record Nos. 104; 105]   He contends that Bear Archery breached the Settlement Agreement by bringing a separate patent lawsuit in September 2011 against one of his companies, Vital Hunting Gear, Inc., in the United States District Court for the Southern District of Indiana.  [Record No. 109]

## II.

The original Scheduling Order entered November 6, 2012, provided that the parties had until February 28, 2013, to file all motions to amend their pleadings.  [Record No. 34, p. 1]  Thereafter, Amended Scheduling Orders were filed on May 21, 2014 [Record No. 84], following the Court's grant of partial summary judgment, and on July 9, 2015 [Record No. 103], following the lifting of the stay for Afshari's bankruptcy proceedings.  Neither of the

---

2    Defendant SOP Services, Inc. has since been dismissed as a party to this action.  [Record No. 22]

Amended Scheduling Orders included a provision allowing further amendment of pleadings.[3] As a result, the plaintiff is, in effect, moving the Court to modify its latest Amended Scheduling Order to allow for the amendment of pleadings. Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order may be modified for "good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The primary measure of "good cause" is the "moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (internal quotation marks omitted). The Court "should also consider possible prejudice to the party opposing the modification." *Id.* Only after a party establishes good cause under Rule 16(b) may the Court consider whether amendment is proper under Rule 15(a). *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Although the plaintiff does not frame its argument in terms of Rule 16(b), the Court construes his position as asserting that the breach of settlement claim has been a subject of this lawsuit from the beginning, the motion is not futile, and the motion was timely brought. [Record Nos. 105, 109] Conversely, the defendant argues (also without reference to Rule 16(b)) that the addition of the breach of settlement claims would be futile, untimely, and prejudicial. [Record No. 108] The plaintiff's arguments are not sufficient to demonstrate good cause. Afshari does not contend that the breach of settlement claim could not have been discovered in time to meet the initial deadline to amend pleadings and he provides no justification for failing to include such a claim in any of the three Complaints filed in this

---

3    It is also notable that the plaintiff's proposed Amended Scheduling Orders [Record Nos. 82; 102] did not request provisions allowing for the amendment of pleadings.

action. [*See* Record Nos. 1; 3; 23] He has made no arguments concerning why he failed to "meet the case management order's requirements." *Andretti*, 426 F.3d at 830.

Additionally, the amendment would be prejudicial to the defendant. The case has been pending for well over three years. The plaintiff is attempting to include a claim arising out of a lawsuit filed in September 2011, which presents new legal theories and a new damages allegation for "well over 2 million" dollars. [Record No. 109, p. 4] Allowing the amendment would require the defendant to gather new evidence with little time remaining for discovery under the Court's Amended Scheduling Order and would significantly change the issues presented for trial. [Record No. 103] As a result of the foregoing, the plaintiff has failed to demonstrate good cause.

### III.

Further, even if the plaintiff were able to demonstrate good cause, the Court would deny the motion. A Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, the United States Court of Appeals for the Sixth Circuit has cautioned that the right to amend is not absolute or automatic. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008). District courts should consider a number of factors when determining whether to grant a motion to amend under Rule 15(a)(2) including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001). Further, "[w]hen amendment

is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade*, 259 F.3d at 459.

Bear Archery contends that an amendment to the plaintiff's Complaint would be futile. An amendment is considered futile when it would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). To survive a Rule 12(b)(6) motion, the proposed complaint need only allege facts which, if proved, would entitle the plaintiff to relief. *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006). This is a liberal pleading standard, and the Court construes the complaint in a light most favorable to the plaintiff. *Id.* However, more than bare assertions of legal conclusions are required. Rather, the complaint must contain direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Id.*

Afshari seeks to amend his Complaint to assert a claim of breach of settlement resulting from the suit brought in the Southern District of Indiana involving the 462 Patent. The Settlement Agreement released Afshari from claims with respect to past acts related to the 462 Patent Complaint. In relevant part, it states:

> 3.3 Trophy Ridge, for and in consideration of the Consideration Tendered as set forth in Section 2 of this Settlement Agreement, and other good and valuable consideration received, the receipt of which is hereby acknowledged, does hereby remise, release, acquit, satisfy, forever discharge for itself, its agents, representatives, officers, directors, parents, subsidiaries, licensees, heirs, successors and assignees, VBG, Moose, Ben [Afshari] and Maria and their heirs, successors and assigns, from any and all manner of actions, causes of action, claims, charges, suits, proceedings, or hearings of any manner, obligations, liabilities, demands, damages, or judgments of any kind or nature whatsoever, at law or in equity, related to the '462 Patent Complaint.

[Record No. 12-2, p. 5]

Afshari contends that the above-language does not allow Bear Archery to bring future suits with respect to the 462 Patent.[4] However, his interpretation is unpersuasive. The Settlement Agreement included two separate paragraphs releasing Trophy Ridge (paragraph 3.3) and Afshari (paragraph 3.4)[5] from *past* acts related to the 462 Patent Complaint. [*Id.*] It did not protect Afshari from suit for *future* violations of the 462 Patent. This is demonstrated by other language included in the Settlement Agreement. Paragraph 2.6 barred Afshari from suing Trophy Ridge in relation to future violations of the 854 Patent. In relevant part, it stated that "[t]he covenant not to sue [derived from any patents that may issue claiming priority to the '854 Patent against Trophy Ridge] shall extend to direct or indirect infringement involving *past, present and future* Trophy Ridge products." [*Id.*, p. 4] Thus, the Settlement Agreement was clear regarding when a covenant not to sue applied to future conduct. But no such future covenant not to sue was included in relation to the 462 Patent.

Further, paragraph 3.3 only related to claims involving the 462 Patent Complaint. The Settlement Agreement was entered into as a compromise to "resolve any and all claims and counterclaims raised in, or which could have been raised in, the '462 Patent Complaint." [*Id.*, p. 2] It did not pertain generally to the 462 Patent or to future patents. Therefore, the amendment sought under Rule 15(a)(2) is futile.

---

4   Afshari first explains his subjective intent for entering into the Settlement Agreement. His present justification, however, is not relevant to this motion because the Settlement Agreement contains an integration clause which states that the "Settlement Agreement contains the entire agreement of the parties." [Record No. 12-2, p. 7]; *See Papa John's Int'l, Inc. v. Dynamic Pizza, Inc.*, 317 F. Supp. 2d 740, 745 (W.D. Ky. 2004).

5   Paragraph 3.4 mirrors the language of Paragraph 3.3 to release Afshari from past claims related to the 462 Patent Complaint. [Record No. 12-2, p. 4]

Bear Archery further contends that Afshari's motion for leave to amend the Complaint should be denied because it is untimely and would result in prejudice to the defendant. In *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971), the Supreme Court indicated that delay by itself is not a reason to deny leave to amend, but delay combined with prejudice either to the interests of the opposing party or of the Court can justify denial. *Id.* at 330–31. The Court may also consider whether the matters contained in the amended complaint could have been brought in a timely manner so that disposition of the case would not have been disrupted by an untimely amendment. *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).

As described above, allowing an amendment at this time would be prejudicial to the defendant. The proposed amendment presents new legal theories and damage claims that have not previously been asserted during the pendency of this case. Allowing such an amendment with little time left for discovery and before trial would prejudice the defendant. [Record No. 103] Further, the plaintiff's claim could have been brought in a timely manner under the Court's original Scheduling Order. Therefore, the defendant has demonstrated that prejudice would result from granting the plaintiff leave to amend the Complaint.

### IV.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff Ben Afshari's motion for leave to amend the Complaint [Record No. 104] and amended motion for leave to amend the Complaint [Record No. 105] are **DENIED**.

This 10th day of August, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge